# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

THOMAS E. LUNNEEN, personal representative of the estate of Jack C. Lunneen
*Plaintiff – Appellee*

v.

VILLAGE OF BERRIEN SPRINGS, MI; ORONOKO TOWNSHIP, MI; COUNTY OF BERRIEN, MI; L. PAUL BAILEY, in his individual capacity and in his official capacity as Sheriff of the Berrien County Sheriff's Department; PAUL E. TOLIVER, in his individual capacity and in his official capacity as Chief of Police for the Berrien Springs Oronoko Township Police Department; UNKNOWN PARTIES, named as John Does 1-10, in their individual and official capacities
    *Defendants*

and

ROGER JOHNSON, in his individual capacity and in his official capacity as deputy for the Berrien County Sheriff's Department
    *Defendant – Appellant*

and

JAMES WYSS, in his individual capacity and in his official capacity as officer for Berrien Springs-Oronoko Township Police Department
    *Defendant – Appellant*

Appeal from the United States District Court
for the Western District of Michigan
Case No. 1:20-CV-1007

## APPELLEE'S UNOPPOSED MOTION FOR CONSOLIDATION OF APPEALS PENDING UNDER DOCKET NUMBERS 22-2044 AND 22-2046

COMES NOW, Appellee Thomas Lunneen, by and through counsel, Mel C. Orchard III, Noah W. Drew, and Catherine E. DiSanto of THE SPENCE LAW FIRM LLC, and pursuant to Rule 3 of the Federal Rules of Appellate Procedure, respectfully moves the Court to consolidate the above pending appeals for purposes of streamlining briefing and oral argument.

To prevent confusion among docket numbers, identical motions have been filed in Docket Nos. 22-2044 and 22-2046.

### BACKGROUND AND PROCEDURAL HISTORY

This is a civil rights action arising from the in-custody death of Jack Lunneen on October 22, 2018, following a physical interaction with Officer James Wyss of the Berrien Springs-Oronoko Township Police Department and Sergeant Roger Johnson of the Berrien County Sheriff's Department. This matter is on appeal from the United States District Court for the Western District of Michigan, Case No. 1:20-CV-1007.

Plaintiff-Appellee Thomas Lunneen, Jack's oldest brother and the wrongful death representative, initiated this action in the United States District Court for the Western District of Michigan on October 21, 2020, seeking recourse under the following legal theories:

- Excessive force under § 1983 against Defendants Wyss and Johnson (claims 1 and 2, respectively);
- Unconstitutional conditions of detainment under § 1983 against Defendants Wyss and Johnson (claims 3 and 4, respectively);
- Unconstitutional denial of medical care under § 1983 against Johnson and Wyss (claims 5 and 6, respectively);
- *Monell* clams for unconstitutional policy or custom, failure to train, and failure to supervise against Defendants Berrien Springs Oronoko Township and Chief Toliver, and Berrien County and Sheriff Bailey (claims 7 and 8, respectively);
- Gross negligence under Michigan law against Wyss and Johnson (claim 9); and
- Violations of Michigan's constitutional guarantees against Berrien County and Berrien Springs Oronoko Township (claim 10).

Complaint, R. 1, Page ID # # 14–29.

On June 6, 2022, Defendants Berrien County, Bailey, and Johnson (the "County Defendants") filed a motion for summary judgment. Motion for Summary Judgment, R.78, Page ID. # 696. Defendants Berrien Springs-Oronoko Township, Wyss, and Toliver ("Township Defendants) filed one as well. Motion for Summary Judgment, R. 81, Page ID. # 726. Plaintiff responded, and on November 1, 2022, the district court entered its *Order* and an *Opinion* on the motions for summary judgment. Order, R. 165, Page ID. # 2453; Opinion, R. 164, Page ID # 2422. The court granted in part and denied in part Defendants' Motions. Order, R. 165, Page ID. # 2453.

The court dismissed the following claims: (1) denial of medical care against Johnson and Wyss; (2) unconstitutional conditions of detainment against Johnson and Wyss; (3) municipal liability against Bailey, Berrien County, Toliver, and Village of Berrien Springs-Oronoko Township; (3) violations of the Michigan Constitution against Berrien County and Village of Berrien Springs-Oronoko Township; and (4) excessive force as to Johnson's use of his taser, Wyss's use of his pepper spray, Johnson and Wyss's physical takedown of Lunneen, and Johnson and Wyss's action of leaving Lunneen handcuffed on the ground. Order, R. 165, Page ID. # 2453.

The district court found that a question of fact existed that precluded Defendants' motion for summary judgment on the remaining claims: (1) the use of excessive force by Johnson and Wyss while subduing Lunneen on the ground, (2) the use of excessive force by Wyss after Lunneen was handcuffed, and (3) state-law-based gross negligence against Johnson and Wyss in so far as it relates to the denial of medical care. Order, R. 165, Page ID. # # 2453–54.

Defendant-Appellant Johnson filed his notice of interlocutory appeal on November 11, 2022, which was subsequently docketed by this Court as Docket No. 22-2043.[1] Notice of Appeal, R. 182, Page ID # 2527. Similarly, Defendant-Appellant Wyss filed his separate notice of interlocutory appeal in the district court on November 11, 2022. Notice of Appeal, R. 184, Page ID # 2533. Wyss's appeal was docketed by this Court as 22-2044. On November 14, 2022, Johnson filed an identical notice of appeal in the district court, save for the heading, which the Court docketed as 22-2046.[2] Notice of Appeal, R. 188, Page ID # 2541.

The Sixth Circuit subsequently entered a briefing schedule, with Appellants' briefs currently due on January 31, 2023. An unsuccessful mediation occurred on January 17, 2023.

**DISCUSSION**

---

[1] This Notice—apparently in error—was styled as "D Roger's Notice of Interlocutory Appeal." Notice of Appeal, R. 182, Page ID # 2533. The Court dismissed Docket No. 22-2043 on January 23, 2023.

The grounds for this Motion warrant consolidation and the Court should consolidate Johnson and Wyss's individual appeals under Docket Nos. 22-2046 and 22-2044. Federal Rule of Appellate Procedure 3(b) governs joint or consolidated appeals:

> (1) When two or more parties are entitled to appeal from a district-court judgment or order, and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant.
> (2) When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals.

FED. R. APP. P. 3(b)(1)–(2).

Both Johnson's and Wyss's appeals arise from the same locus of facts and are appeals taken from the order and opinion entered by the United States District Court (case number 1:20–cv–1007; R. 164, 165) on November 1, 2022. Appellant Johnson's appeal states as follows:

> Notice is hereby given that Defendant Roger Johnson hereby appeals to the United States Court of Appeals for the Sixth Circuit those findings and conclusions contained in the Opinion and Order [ECF No. 164 and 165] entered in this action on the 1st day of November 2022: the District Court's denial of qualified immunity against Johnson under the laws of the United States; the District Court's decision to permit the Plaintiff to raise a new theory of relief on its state-law gross negligence claim in Plaintiff's Joint Response to Defendants' Motion for Summary Judgment; and the District Court's denial of Defendants' Motion for Summary Judgment on the Plaintiff's state-law gross negligence claim against Johnson.

Notice of Appeal, R. 188, Page ID # 2541.

Similarly, Appellant Wyss's notice of appeal states:

> NOW COMES Defendant JAMES WYSS, by and through his attorneys, McGRAW MORRIS P.C., by G. GUS MORRIS and ROBERT W. VANWERT, and asserts his interlocutory appeal as of right pursuant to *Mitchell v Forsyth*, 472 U.S. 511 (1985) from the District Court's Opinion and Order Denying in part Defendants' Motion for Summary Judgment dated November 1, 2022 [ECF No. 164, 165] based on qualified immunity against the claims of Plaintiff; the decision to allow Plaintiff to raise a new theory of relief on its claim of gross negligence; and the district court's denial of summary judgment on Plaintiff's gross negligence claim.

Notice of Appeal, R. 184, Page ID # 2533.

Johnson and Wyss seek this Court's determination of the same three legal issues: (1) the denial of qualified immunity on the federal excessive use of force claims; (2) the district court's alleged error "in permitting Plaintiff to raise a new theory of relief" on the state law gross negligence claim; and (3) the denial of summary judgment on Plaintiff's gross negligence claim as to both Johnson and Wyss. Notice of Appeal, R. 184, Page ID # 2533; Notice of Appeal, R. 188, Page ID # 2541. Docket Nos. 22-2044 and 22-2046 involve largely, if not completely, overlapping claims and issues raised by Johnson and Wyss, whose interests in this litigation are generally aligned. The overlap of these interests makes joinder practicable. FED. R. APP. P. 3(b)(1).

That these appeals involve qualified immunity is not a barrier to consolidation. As the district court correctly noted in its *Opinion* on summary judgment, "when more than one officer is involved, the court must consider each officer's entitlement to qualified immunity separately." Opinion, R. 164, Page ID. # # 2429–30 (citing *Wright v. City of Euclid*, 962 F.3rd 852, 865 (6th Cir. 2020) (quoting *Smith v. City of Troy* 874 F.3d 938, 944 (6th Cir. 2017)). The district court methodically addressed the constitutionality of each officer's actions within its consolidated *Opinion*. Opinion, R. 164, Page ID # # 2430–41 (addressing Sergeant Johnson's use of his taser; Officer Wyss's use of his pepper spray; the physical takedown of Mr. Lunneen; subduing Mr. Lunneen on the ground; post-handcuffing pressure; and leaving Mr. Lunneen handcuffed on the ground).

Here, as below, this Court is capable of addressing each appellant's claims in a consolidated format—including the qualified immunity issues. Given the substantially similar nature of Johnson and Wyss's claims on appeal and the identical factual underpinnings of this matter, consolidation is not only necessary but will conserve and streamline the Court's and the parties' resources. Because there is no compelling reason to duplicate briefing and argument on

the issues presented in Docket Nos. 22-2044 and 22-2046, and in the interest of judicial economy, Appellee moves this Court to consolidate Docket Nos. 22-2044 and 22-2046. Appelle met and conferred with each Appellant, and no party opposes this Motion.

## Conclusion

Based on the foregoing, Appellee respectfully requests that the Court consolidate Johnson and Wyss's appeals under Docket Nos. 20-2046 and 22-2044 to avoid redundant and repetitious briefing and argument.

Respectfully submitted this 27th day of January, 2023.

/s/ Noah W. Drew
Melvin C. Orchard III (WSB No. 5-2984)
Noah W. Drew (WSB No. 7-4888)
Catherine E. DiSanto (WSB No. 7-6296)
The Spence Law Firm, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 | Fax: (307) 733-5248
orchard@spencelawyers.com
drew@spencelawyers.com
rust@spencelawyers.com

Sean W. Drew (MI SB No. P33851)
DREW LAW OFFICE
302 Sycamore Street
P.O. Box 880
Niles, Michigan 49120
(269) 683-5121
drewlawoffice@gmail.com

*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January 2023, I served this document electronically via the Court's CM/ECF system on the following persons:

    James T. McGovern
    James M. Straub
    Straub, Seaman & Allen, P.C.
    1014 Main Street / P.O. Box 318
    St. Joseph, MI 49085
    (269) 982-1600
    jmcgovern@lawssa.com
    jstraub@lawssa.com
    *Attorneys for County Defendants-Appellants*

    G. Gus Morris
    Robert VanWert
    McGraw Morris P.C.
    Troy, MI 48084
    gmorris@mcgrawmorris.com
    rvanwert@mcgrawmoris.com
    *Attorneys for Township Defendants-Appellants*

                                            /s/ Noah W. Drew
                                            Noah W. Drew
                                            THE SPENCE LAW FIRM, LLC